IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 15 PM 4: 14

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| FREDERICK MASSEY, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2476-Ma/V |
| CORRECTIONAL MEDICAL SERVICES, et al., | X | |
| Defendants. | X | |

ORDER CORRECTING THE DOCKET
ORDER TO COMPLY WITH PLRA
OR
PAY FULL $250 CIVIL FILING FEE

Plaintiff Frederick Massey, booking number 05106330, an inmate at the Shelby County Criminal Justice Complex ("Jail")[1] in Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on July 5, 2005.[2]

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[3] The statute merely provides the prisoner the opportunity to make a

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] Although there is some ambiguity on the face of the plaintiff's complaint, the website for the Shelby County Sheriff's Jail Information Page indicates that the plaintiff is currently an inmate at the Jail. Accordingly, the Clerk is ORDERED to correct the docket to reflect the plaintiff's current address.

[3] Effective March 7, 2005, the civil filing fee was increased from $150.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___7-19-05___

2

Dockets.Justia.com

"downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

In order to take advantage of the installment procedures, a prisoner plaintiff must properly complete and submit to the district court, along with the complaint, either Form 4 of the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit that contains the same detailed information found in Form 4. McGore, 114 F.3d at 605. The prisoner must also submit a certified prison trust fund account statement, showing all activity in his account for the six months preceding the filing of the complaint, and specifically showing:

1) the average monthly deposits, and
2) the average monthly balance

for the six months prior to submission of the complaint, and

3) the account balance when the complaint was submitted.

In this case, the in forma pauperis affidavit submitted by the plaintiff is not filled out and the portion calling for a certification by the trust fund officer is unsigned. Although the plaintiff has submitted a trust fund account statement, it is uncertified. Therefore, at the present time, plaintiff is not eligible to take advantage of the installment payment procedures of § 1915(b). Plaintiff is, however, liable for the full $250 filing fee, which accrued at the moment the complaint was filed. Accordingly, plaintiff is hereby ORDERED to submit an in forma pauperis affidavit and a

2

certified copy of his trust fund account statement or the full $250 civil filing fee to the following address within thirty (30) days after the entry of this order:

> Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

If plaintiff needs additional time to file the required documents, he may request one thirty-day extension of time from this Court. McGore, 114 F.3d at 605. If plaintiff fails to file the required documentation, the Court will assess the entire filing fee, without regard to the installment payment procedures, and will dismiss the action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. McGore, 114 F.3d at 605. If dismissed under these circumstances, the case will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper status.

If plaintiff timely submits the proper documentation, and the Court finds that plaintiff is indeed indigent, then he may take advantage of the installment procedures of § 1915(b). In such case, plaintiff will be able to make an initial partial payment equal to 20% of the greater of the average monthly deposits to his trust account for the past six months or the average monthly balance in his account for the past six months. After collection of the initial partial filing fee, the remaining balance will be collected in monthly installments equal to 20% of the income credited to the plaintiff's account during the preceding months. These monthly payments, however, will be withdrawn only when plaintiff's account balance exceeds $10.

3

The Clerk is ORDERED to provide the plaintiff a copy of the prisoner <u>in</u> <u>forma</u> <u>pauperis</u> affidavit form along with this order.

IT IS SO ORDERED this 14th day of July, 2005.

---
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in case 2:05-CV-02476 was distributed by fax, mail, or direct printing on July 18, 2005 to the parties listed.

---

Fredrick Massey
2621 N. Watkins
#2
Memphis, TN 38127

Honorable Samuel Mays
US DISTRICT COURT